OPINION of the Court, by
Ch. J. Boyle.
This was a bill of review, the complainant in which was also complainant in the original bill.
She claims the land in contest by virtue of a settlement and pre-etnption, and the defendant derives his title under a patent elder than that of the complainant, and obtained on a syrvey made in the year 17Z5, on a *189 warrant for military services, which was issued in virtue of the royal proclamation of 1763. The survey of the defendant being prior to the inception of the complainant’s claim, and his patent elder than hers, he must evidently hold the land, unless there be some solid objection to the legality and validity of his claim.
In the original bill it was in substance objected that the claim was invalid — -1st, Because previously to the survey being made on the land in controversy’, he had by his agent made entries with the surveyor of other lands upon the warrant. 2d, Because there was in fact no legal survey made in virtue of the warrant upon the land in controversy. And 3d, Because the plat and certificate of survey was not made out, and returned in due time and by proper authority.
These objections, when, the cause was formerly before this court on an appeal, were held to be untenable, and the original bill was decreed to be dismissed. That decree having been entered in the court below, this bill of review was filed upon the ground of the discovery of new matter. The new matter alleged, is in substance that the defendant, prior to obtaining the patent for the land in controversy, withdrew the original warrant from the surveyor’s office and lodged it with the register, and in virtue thereof obtained other warrants, which he has caused to be entered with the proper surveyor.
The court below sustained the bill of review and reversed the former decree of this court, and from their decree this appeal is prosecuted.
How far the new matter alleged in the bill of review is relevant, and ought to change the former decree of this court, is the only material inquiry.
In making this inquiry the points decided by this court in the original suit, must be considered as incontrovertibly settled. The facts in relation to those points being the same they were, the law must remain the same ; and to permit them again to be brought into controversy, would be equally repugnant to the rules of law and to the maxims of sound policy. We shall therefore take it for granted, that the survey of the defendant was a legal one, made at the time it bears date, and that the plat and certificate of survey were made out, returned and recorded in due time and by proper authqrity : for these are points which were particularly *190 in issue and directly decided by this court, and upo^ which the new matter has no material bearing,
A warrant for military lervice under the pm clamatton of 1763, upon which a furvey e.xe" to the »a of 1775, could <¿tlfbr*1 oth« warrants, nor entitle the hal. additionalwtr* yant*.
íuámmf gaily ifíued, gavena found», founded on them ait vAi, *s to rtrdiWB at conflicting claimants, & *s
The survey of the defendant is, therefore, one of those descriptions of surveys which by the first section ot the act of 1779,(a) entitled “ an act for ad justing anc} setthng the titles of claimers to unpatented lands, under the former and present governments, previous to the establishment of the commonwealth’s land-office,” were declared to be good and valid.
' But it is contended that the obtaining other warrants ⅛ virtue of the original warrant, and the location of th03e 0jher warrants bv entries with the surveyor, was . - , * an extinguishment or abandonment or his claim to the the land surveyed upon the original warrant.
By the second section of the act before mentioned, persons claiming lands under proclamation warnms Itf military services, and not having located and j.xed such ky actu'al surveys, as is in the first section men* tioned, were to be admitted to warrants, entries and grants for the same, in the manner directed b v the act assembly establishing a land office, upon their producing to the register, the proper certificates, proofs or warrants, as the case might be, of their respective rights. The defendant’s claim having been previously to the passage of the law, located and freed by actual ‘survey, did not come within the provisions of this section ; but on the contrary was expressly ixcepted front Its operation; nor was there any provision bv law auiho-rising him. either to exchange his warrant lor other warrants, orto obtain by virtue of it, or of tile services for which it had been granted, new and additional warrants.
The obtaining the new warrants was, therefore, not only unauthorised by law, but was a plain violation of the provisions of the act before/recited.
The question then occurs, how far an illegal act can be an annulment or abandonment of a claim which w;as declared by law; to be good and valid P The an-surer to this question, we think, must be in the negative. 's ev,dent that the defendant can derive no valid right under the new or additional warrants. Having jsstied in violation of law, they can furnish no founda-¡ for iegaj claim. jqacl he carried them into grant, , , . ⅛ , , , , , 0 f which however does not appear to be the case, the grant *191 would have been void, not only as to individualshaving interfering claims, but as to the commonwealth.
tothe common* wealth
Ah illegal 8c •void cannot annul a claim which is legal and valid.
Obtaining new warrants 8s carrying ch^ra into gram,could not/'annul the original warrant nor deftr&jr the validity of the furvey made and confirmed by the act of 1779*
To suppose that an act thus illegal and void, could annul a claim which was legal and valid, would be preposterous in the extreme.
This is not like the case of a survey Variant from its entry, with which it was compared by the counsel lor the complainant.
Such a survey, though not valid as to other claimants, is good against the commonwealth : for the grantee, notwithstanding the variance of the survey from its location, is a purchaser for a full and adequate coinsider-alien ; and as the commonwealth sold all her lands at the same price, it is immaterial to her whether the grant was consummated for the land located or for the same quantity elsewhere.
If the preceding observations be correct, it is evidently not important whether the new warrants issued in exchange lor the original warrant of in addition thereto : for in either case the emanation of the hew .Warrants was equally illegal, and eqüally'á nullity, both with respect to individuals and the commonwealth. Their emanation, though it were admitted to be in exchange tor the original warrant, as such exchange was illegal, could not by operation of law be an extinguishment ol the original warrant, and it iá not pretended that it was in tact extinguished or destroyed. ' The Original warrant, therefore, remaining extant in fact, and in lull force in law, was a complete authority lof the grant which issued to the defendant.
Ii, however, the new warrants were not issued in exchange for, but in addition to the original warrant, it would shew that the defendant could not have intended to abandon or extinguish her claim under the origiqal warrant, and that the officers of government did not st> consider it.
• That such was the case, is highly probable. Had the new warrants issued in exchange "for the original one, they would have contained, as usual in such cases, a recital of the original warrant and an acknowledgment of the receipt thereof into the register’s office. But itistead of a recital of the original warrant, they contain a recital ot the services for which such warrants were gran-£ted ,• and instead of acknowledging‘the receipt of the *192 original warrant, they acknowledge the receipt of a certificate of those services duly proven.
The new warrants, therefore, bear upon their face internal evidence that they were granted as additional, and not as exchange warrants. Nor is this evidence repelled by the register’s tnemorandum, which was relied on for that purpose by the counsel for the complaiñant. That memorandum is a mere note of the emanation of the new warrants, without expressing whether they issued in exchange for, or in addition to the original warrant. It is not then repugnant to the import of the warrants ; but if it were, being a less formal and solemn act than that of granting the warrants, would be entitled to less credence.
That a practice prevailed, about the period of the emanation of the warrants in question, of granting additional warrants for the same service for which warrants had already been obtained, is apparent from the circumstance that the legislature at their May session thereafter, passed an act to prevent or suppress such practice — See Chan. Rev. page Í23.
In further confirmation of the idea that the new warrants were issued as additional to the original one, we may add the circumstance that they have been so treated both by the defendant in returning the plat and certificate of survey upon the original warrant to the register’s cilice, and by the officers of government in granting a patent thereon.
Upon the whole, therefore, it is evident that the emanation of the new warrants was neither in fact nor in law an extinguishment or abandonment of the claim under the original warrant, nor was understood or intended to be so, either by the defendant or by the officers of the commonwealth.
The decree of the court below must be reversed with costs, and the cause remanded that the bill may be dismissed with costs.
If the court ftom'theVock-et for want of the order for oue^ipoff pr^ duction of the order ai the is p oper‘to re-inflate caufe the
Intrefpafsa-gain ft feveia! detendant-s, the plainr.ff may proceed to trial as to one, or more, wíthoi t entering, a noU le projequi ai to the (Hienda; ts who have not been ferved with procefs & who have not appeared.
If the court de. cide againft the evidence offered bv the defendant, and afterwards the plaintiff waive» his objection & the evidence is given,this cures the errors if one had been committed ⅛ the opinion of the court.
The court may at any time during the term, fupply an omif-fio:n or defect in a bill of exceptions by ftatement. on the record.
In trefpaf* ailault and battery, the plain, tff ought not to be permitted to give evidence. of his general charac-
yide Woofo ruff ur Whit-thf-y, Kirb 6o — Thompson vtm Churchj X Root. Si**

 Chan Rev. ch. 12, p 90-1 Litt. 392.